Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,
                                 Plaintiff,

            -against-                                  VERIFIED COMPLAINT

ELBA MALDONADO A/K/A ELBA I. MALDONADO;
CAPITAL ONE BANK USA NA,
                              Defendant(s).
-------------------------------------------------------------------X

      Plaintiff, Empire Community Development, LLC ("Empire" or "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendants Elba Maldonado a/k/a Elba I. Maldonado ("Elba Maldonado") and Capital One Bank USA NA (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 146 Dartmouth Street, Hempstead, NY 11550 known on the Nassau County Tax Map as Section: 34, Block: 233, Lot: 610 in the County of Nassau and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Empire Community Development, LLC is a limited liability company organized under the laws of the State of Delaware. Empire Community Development, LLC is a single member limited liability company, whose sole member is Reliant Holdings Group, LLC. Reliant Holdings, LLC has three members, Robert Paulus, David Van Horn and John Sweeney, each of whom is a citizen of the United States and resident of the State of Pennsylvania. For the purposes of diversity, Empire Community Development, LLC is a citizen of Pennsylvania.

3. Elba Maldonado, upon information and belief, is a resident and citizen of the State of New York, having an address at 146 Dartmouth Street, Hempstead, NY 11550. Elba Maldonado is a necessary party defendant to this action by virtue of the fact that she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. Capital One Bank, upon information and belief, is a banking institution with its principal place of business at 4851 Cox Road, Glen Allen, VA. It is a party defendant because it is a judgment creditor by virtue of a Nassau County Court judgment docketed on 4/4/2011 in the amount of $1,253.88 against the property and/or borrower(s), which is subordinate to Plaintiff's Mortgage. It is a citizen of the State of Virginia. See judgment as part of Exhibit "F".

5. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

8. This action is brought to foreclose a mortgage made by Elba Maldonado set out as follows: Mortgage dated June 16, 2015 made by Elba Maldonado to Long Beach Mortgage Company to secure the sum of $71,400.00 and interest, recorded in Liber Book M 29052, Page 634 in the Nassau County Clerk's Office on July 7, 2005. Said lien covers premises known as 146 Dartmouth Street, Hempstead, NY 11550. A copy of the Mortgage is annexed as Exhibit "B".

9. On June 16, 2005 Elba Maldonado executed and delivered a Note to Long Beach Mortgage Company in the amount of $71,400.00. The Note and Mortgage were subsequently transferred by the affixation of proper endorsements allonges to the Note. A copy of the Note with allonges and Affidavit of Note Possession are annexed as Exhibit "C".

10. The Note was transferred by the affixation of property endorsements and allonges thereto. The Mortgage was assigned by Assignments of Mortgage as follows:

   a) **Assignor:** Long Beach Mortgage Company
      **Assignee:** Mortgage Electronic Registration Systems, Inc.
      **Dated:** June 27, 2005 **Recorded:** March 26, 2008
      Liber Book M 32827, Page 460

   b) **Assignor:** Mortgage Electronic Registration Systems, Inc.

     **Assignee:** Partners for Payment Relief DE II, LLC
     **Dated:** April 5, 2014 **Recorded** June 14, 2019
     Volume 43492, Page 792

  c) **Assignor:** Partners for Payment Relief DE II, LLC
     **Assignee:** Empire Community Development, LLC
     **Dated:** January 7, 2019 **Recorded:** June 20, 2019
     Volume 43502, Page 779

    Copies of the Assignments are annexed hereto as Exhibit "D", respectively.

11. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

12. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

13. Elba Maldonado has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on October 1, 2013 and the default continues to date.

14. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notice to cure was issued on July 12, 2019 to Elba Maldonado (the "Default Notice") advising of possible acceleration of the loan and that by virtue of their continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on July 12, 2019 to Elba Maldonado. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notices and 90-day notices with proof of mailing and registration are annexed hereto as Exhibit "E".

15. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

16. As of the date herein, Elba Maldonado has failed to respond to the Default Notices.

17. Due to the above-described default, Defendant Elba Maldonado are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of July 12, 2019 amounts to $118,037.35:

    b. Attorney's fees and other costs and disbursements, payable to Empire Community Development, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

18. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

19. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

20. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

21. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation of the complaint in Paragraphs "1" through "21" with the same force and effect as if set forth herein.

23. The mortgage has been duly recorded against the premises known as 146 Dartmouth Street, Hempstead, NY 11550 bearing tax map designation: Section: 34 Block: 233 Lot: 610, more fully described in Schedule "A", annexed hereto as Exhibit "A".

24. It has come to the attention of Plaintiff that there is no legal description recorded with the mortgage.

25. That by virtue of the fact that the aforesaid mortgage is indexed against the premises, plaintiff has an interest in the premises.

26. That the Plaintiff makes a request for the Court to deem the aforesaid mortgage reformed to include the correct legal description as it appears herein as Schedule "A".

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant Elba Maldonado may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the

application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

On the second cause of action, that the Mortgage will be deemed reformed to include the correct description as it appears herein on Schedule "A;" and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: December 5, 2019
       Syosset, New York

                            Yours, etc.
                            The Margolin & Weinreb
                            Law Group, LLP
                            Attorneys for Plaintiff

                            By: /s/ Alan H. Weinreb
                                  Alan H. Weinreb, Esq.

## **VERIFICATION BY ATTORNEY**

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: December 5, 2019
       Syosset, New York

                                                   /s/ Alan H. Weinreb
                                           **ALAN H. WEINREB**